IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Christopher Veltmann, ) | |
| ) | Civil Action No. 3:18-1320-MBS |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| United States of America, ) | |
| ) | |
| Defendant. ) | |

On May 14, 2018, Plaintiff Christopher Veltmann ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought the underlying action against the United States of America ("Defendant") pursuant to the unjust conviction and imprisonment statutes, 28 U.S.C. §§ 1495, 2513. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.

Plaintiff states he was arrested October 17, 1991, and released from prison on September 13, 1996, "when a jury found him innocent of all crimes listed on the indictment." ECF No. 1 at 2. He seeks monetary damages in the amount of $245,760.06, which he asserts amounts to payment of $136.99 per day for the 1,794 days of his incarceration. *Id.*

Following her review of the complaint, the Magistrate Judge filed a Report and Recommendation on June 4, 2018. ECF No. 10. The Magistrate Judge found that Plaintiff failed to meet the statutory requirements to proceed with the claim because he had not offered evidence of a certificate of actual innocence. She therefore recommended that the court summarily deny the complaint for failure to state a claim upon which relief can be granted. *Id.*

On the same day the Magistrate Judge issued her Report and Recommendation, Plaintiff filed a motion for summary judgment, asserting "[t]here are no facts in the Complaint that can be

disputed." ECF No. 12 at 2.  One week later, Plaintiff filed a motion to stay the action until the court in which he was sentenced, the United States District Court for the Middle District of Florida, could rule on his motion for a certificate of innocence.  ECF No. 14.  On August 8, 2018, the court granted the motion to stay for thirty days.  ECF No. 15.  On September 19, 2018, the court *sua sponte* extended the stay for another thirty days and ordered Plaintiff to file a status report on or before October 19, 2018.  ECF No. 18.  Plaintiff failed to file a status report, and has otherwise failed to inform the court of the status of proceedings in the Middle District of Florida.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The court reviews de novo only those portions of a Magistrate Judge's report and recommendation to which specific objections are filed and reviews those portions to which there are no objections—including those portions to which only "general and conclusory" objections have been made—for clear error.  *Diamond v. Colonial Life and Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir. 1982).  The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).  Plaintiff did not raise a specific objection to the Report and Recommendation, but rather asked for additional time to obtain a certificate of innocence.  Accordingly, the court reviews the Report and Recommendation for clear error.  *Diamond*, 416 F.3d at 315; Fed. R. Civ. P. 72(b).

## DISCUSSION

Under the provisions of 28 U.S.C. §§ 1495 and 2513, an individual unjustly convicted of a federal crime and imprisoned may seek monetary damages upon his release from prison. The person seeking relief must allege and prove that:

> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
>
> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a). The statute specifies that "[p]roof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received." *Id.* at § 2513(b). The Magistrate Judge recommends dismissing the complaint due to Plaintiff's failure to provide a certificate of innocence at the pleading stage. It is not clear, however, whether a certificate of innocence is required to state a prima facie claim under section 2513, as discussed below. More importantly, it is not apparent that this court has jurisdiction over Plaintiff's claim. The court addresses the jurisdictional consideration first.

Federal courts "are courts of limited jurisdiction, constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.,* 147 F.3d 347, 352 (4th Cir. 1998) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)) (internal quotations omitted). The proponent of federal jurisdiction bears the burden of demonstrating that jurisdiction exists. *See, e.g., Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (citation omitted). The court must evaluate its jurisdiction, *sua sponte* if necessary, "to ensure that it does not decide controversies beyond its authority." *Id.*

3

Section 1495 provides that "jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned" lies in the United States Court of Federal Claims.  28 U.S.C. § 1495.  Although earlier cases held that federal district courts had concurrent jurisdiction with the Court of Federal Claims under the Tucker Act, "[j]urisdiction to consider unjust conviction claims is presently considered to reside exclusively in the U.S. Court of Federal Claims."  Darian B. Taylor, *Validity, Construction, and Application of 28 U.S.C.A. § 2513, Providing Damages in Court of Federal Claims Upon Proof of Unjust Conviction and Imprisonment and Underlying Elements of 28 U.S.C.A. § 1495 that Petitioner Prove that He or She was Convicted of Federal Crime and Imprisoned as Result*, 25 A.L.R. Fed. 3d Art. 1 (2017) (collecting cases).  *See Calloway v. United States*, 431 F. Supp. 1111, 1113–14 (E.D. Okla. 1977) (holding that legislative history of 28 U.S.C. § 1495 contained no indication that Congress intended district court to have concurrent jurisdiction over claims brought under the statute for unjust conviction and imprisonment).  Accordingly, Plaintiff has not carried his burden of demonstrating jurisdiction exists in this court.

Additionally, the case law is not clear whether a certificate of innocence is required to state a prima facie claim under 28 U.S.C. § 2513.[1]  The court need not resolve this uncertainty, however,

---

[1] *Compare Bolduc v. United States*, 248 F. App'x 162, 164-65 (Fed. Cir. 2007) (holding that "[a] certificate of innocence is not an element of a prima facie case of unjust conviction and imprisonment; it is merely a means of proving the underlying facts"), *and Veltmann v. United States,* 39 Fed. Cl. 426, 428 (1997) (finding the court "plainly" had jurisdiction to adjudicate claims for unjust conviction and imprisonment based on facts asserted in the complaint), *aff'd,* 168 F.3d 1319, 1998 WL 476935 (Fed. Cir. 1998)), *with Wood v. United States*, 91 Fed. Cl. 569, 576-77 (2009) (following binding precedent from Court of Claims rather than unpublished Federal Circuit opinions and finding that certificate of innocence is a jurisdictional prerequisite in the Court of Federal Claims).  Plaintiff states in his complaint that a jury found him to be innocent of the crimes charged in the indictment, that he "did not commit any of the acts charged," that "acts, deed, or omission in connection with such charge[] constituted no offense against the United States," and that he did not bring about his prosecution.  ECF No. 1 at 2, 6.  The court finds, for

because review of the docket in the underlying action in the Middle District of Florida demonstrates that Plaintiff has in fact been denied a certificate of innocence, twice.[2] The most recent order denying Plaintiff's request was issued on July 12, 2018. *United States v. Veltmann*, No. 8:91-cr-294-T-17TGW, 2018 WL 3404155 (M.D. Fla. July 12, 2018). In that order ("Veltmann Order"), the Middle District of Florida summarized the background of the underlying proceeding as follows. On March 13, 1992, Plaintiff was tried to a jury before the Honorable Nicholas Tsoucalas and found guilty on Counts 1, 2-19, 20-29. *Id.* at *1. The Eleventh Circuit Court of Appeals affirmed in part and reversed in part; and the case was remanded for a new trial. *Id.* The case was ultimately retried to a jury before the Honorable H.D. Cook on August 26, 1996. *Id.* at *3. The jury found Plaintiff not guilty on Counts 1, 2-19, 20-29, and, on September 12, 1996, Judge Cook directed that Plaintiff be released from custody. *Id.* On July 7, 1997, Plaintiff moved for a certificate of innocence, and thereafter moved for an expedited ruling. *Id.* Judge Cook struck the motions, and Plaintiff appealed. On April 21, 1998, Plaintiff again moved for a certificate of innocence and Judge Cook again denied the motion. The Eleventh Circuit affirmed Judge Cook's order on September 22, 1999. *Id.* The Veltmann Order was issued by the Honorable Elizabeth Kovachevich, who noted that "[a]lthough [she] is the presiding judicial officer for this case, Judge Cook presided over [Plaintiff's] trial, and denied [his] request for a certificate of innocence." *Id.* at *4. Judge Kovachevich acknowledged that Plaintiff's conviction had been

---

the purpose of this opinion and order, that these allegations are sufficient under *Bolduc* and *Veltmann* to state a claim pursuant to 28 U.S.C. § 2513.

[2] Federal Rule of Evidence 201 authorizes the court to take judicial notice of a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). *Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir.), *cert. denied*, 449 U.S. 996, 101 (1980) (holding federal courts may take judicial notice of proceedings in other courts of record) (cited with approval by *Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1239 (4th Cir. 1989)).

5

"reversed or set aside," but noted that a "jury verdict of 'not guilty' alone is not sufficient to establish [Plaintiff's] innocence." *Id.* at *4. She then denied Plaintiff's motion for a certificate of innocence.[3]

Plaintiff has failed to show that federal subject matter jurisdiction exists. Furthermore, judicially noticeable documents demonstrate that Plaintiff cannot meet his burden of proof. For these reasons, the complaint is dismissed.

## CONCLUSION

The court adopts the Report and Recommendation as modified herein. Plaintiff's complaint is dismissed without prejudice and without issuance and service of process. Plaintiff's motion for summary judgment is denied.

**IT IS SO ORDERED.**


Dated: November 20, 2018 /s/Margaret B. Seymour
Columbia, South Carolina Margaret B. Seymour
Senior United States District Judge

---

[3] The Veltmann Order noted that Plaintiff had previously sought relief under 28 U.S.C. § 2513 in the United States Court of Federal Claims, and that the Court of Federal Claims had dismissed Plaintiff's complaint for failure of proof after he failed to file a certificate of innocence. *Id.* (citing *Christopher Veltmann v. United States*, No. 97-58 (Fed. Cl. Jan. 29, 1997)).